IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEE ANDREW PAIGE, Inmate #B-82276, )<br>)<br>       **Plaintiff,**      )<br>)<br>vs.      )<br>)<br>JAY COBB and RICKY PERRY,  )<br>)<br>       **Defendants.**     )  | CIVIL NO. 01-014-DGW |

**SECOND AMENDED ORDER**

On April 5, 2005, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* on appeal and assessed an initial partial filing fee (Doc. 125). On April 13, 2005, the Illinois Department of Corrections informed the Court by letter that it would be unable to comply with the order because Plaintiff's trust fund account has a deficiency balance of $1,737.47. Therefore, the April 5, 2005, order is **AMENDED** as follows:

**IT IS HEREBY ORDERED** that Plaintiff shall pay the appellate filing fee of **$255.00** as follows:

1. Plaintiff has been without funds for six months, he is currently without funds, and he appears to have no means currently with which to pay an initial partial filing fee. Accordingly, the Court will not assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4).

2. Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the filing fee is paid in full.

3. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of this Court each time the amount in the account exceeds $10 until the filing fee is paid in full. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.

Plaintiff is **ADVISED** that he is responsible for ensuring payment of the filing fees

directed by this Order, and he should ensure that the agency having custody of him transmits the necessary funds.  **Plaintiff is FURTHER ADVISED that nonpayment for any reason other than destitution shall be construed as a voluntary relinquishment of the right to file future suits** *in forma pauperis.*  Thurman v. Gramley, 97 F.3d 185, 187 (7th Cir. 1996).

Plaintiff is **FURTHER ADVISED** that the obligation to ensure full payment of the filing fees imposed by this Order shall not be relieved by his transfer to another prison.  Plaintiff is under a continuing obligation to keep the Clerk of this Court informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

The plaintiff also has filed a "Motion for Discovery" on April 15, 2005 (Doc. 131).  While it is unclear what relief the plaintiff is seeking, the motion is **MOOT** per this Order and this Court's previous Order dated April 15, 2005.

The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff and to the **Trust Fund Officer at Southwestern Illinois Correctional Center** *upon entry of this Order*.

**IT IS SO ORDERED.**

**DATED: April 26, 2005**

                                            **s/ Donald G. Wilkerson**
                                            **DONALD G. WILKERSON**
                                            **United States Magistrate Judge**